UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DENISE LUDWIG | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No.: 13-174-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY | ) | **&** |
| DEPARTMENT OF MILLITARY | ) | **ORDER** |
| AFFAIRS, and | ) | |
| KENTUCKY DIVISION OF EMERGENCY | ) | |
| MANAGEMENT | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Denise Ludwig filed a complaint in Pulaski Circuit Court alleging that her former employers, Defendants Commonwealth of Kentucky Department of Military Affairs and Division of Emergency Management, paid her less than her male counterparts, which is "strictly prohibited by 29 U.S.C. § 206(d)(1) and KRS § 337.423." [R. 1-3 at 2]. The Commonwealth removed the case to federal court and Ludwig filed the instant motion to remand. [R. 5]. The question at the heart of the motion is whether Ludwig's reference to the Equal Pay Act, 29 U.S.C. § 206(d)(1), is sufficient to support federal question jurisdiction in this Court. Because the Court answers that question in the affirmative, Ludwig's motion to remand shall be **DENIED**.

I

Denise Ludwig is a merit-based employee of the Commonwealth of Kentucky Division of Emergency Management, a part of the Department of Military Affairs. [R. 1-3 at 1]. As an

employee of this agency, Ludwig prepares for and responds to emergency situations arising in the eleven-county area encompassing Region 11. [R. 6 at 2]. According to her account of the facts, Ludwig has been met with resistance as she has tried to move up the ladder in this organization. Ludwig claims that she was passed over for a promotion to Training Development Supervisor II in 2010 in favor of a male applicant, despite the fact that she had more experience than him and had received positive evaluations during her tenure. [*Id*.] Later she was reclassified into the position of Training Development Supervisor II, but was paid less than her male counterpart. [*Id*.] When she complained of this disparate treatment, Ludwig claims the Commonwealth required her to transfer, reduced her pay, and demoted her to the position she currently occupies. [*Id*. at 2-3]. Ludwig claims that she applied for a regional manager position in August 2012, but was again passed over for a less experienced and less qualified male applicant. [*Id*.]

On August 21, 2013, Ludwig filed a complaint against the Commonwealth in Pulaski Circuit Court, and it is the content of this complaint that is the subject of the present motion to remand. [R. 1-3]. Ludwig's first cause of action against the Commonwealth is for sex discrimination. She states the Commonwealth did not promote her to positions for which she is the best qualified applicant because of her sex, which "is prohibited under KRS §344.040(1)(b)." [*Id*. at 5]. In her second cause of action Ludwig alleges that the Commonwealth retaliated against her when she opposed this disparate treatment, which is conduct "prohibited under KRS §344.280." [*Id*. at 5-6]. Finally, Ludwig's third cause of action claims that the Commonwealth discriminates against women by paying them less than members of the opposite sex, which is "prohibited by 29 USC § 206(d)(1) and KRS § 337.423(1)." [*Id*. at 6].

The Commonwealth subsequently removed the case to this Court claiming that

2

jurisdiction was appropriate because Ludwig's equal pay claim under 29 U.S.C. § 206(d)(1) raised a federal question and supplemental jurisdiction supported the additional state claims. [R. 1].[1] Ludwig has countered with a motion to remand the case back to state court. [R. 5]. In that motion, Ludwig notes that in her third cause of action she "seeks relief under both a state statute, KRS § 337.423(1), and its federal counterpart 29 U.S.C. § 206(d)(1), which prohibit discrimination between the sexes in payment of wages for 'comparable work on jobs which have comparable requirements relating to skill, effort and responsibility.'" [R. 6 at 3-4]. However, she also argues that she only referenced the federal equal pay statute "as evidence of a nationwide policy that should affect the interpretation of the statute," and, as a result, state law issues predominate and the case is properly remanded to state court. [*Id*. at 4-5].

II

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). Pursuant to 28 U.S.C. § 1331, Congress has opened the doors of the federal courts to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C., §1331. When a claim is brought in state court over which a federal court would have original jurisdiction on these grounds, the case may be removed to federal court under 28 U.S.C. §1441(a), so long as removal is effectuated in accordance with the procedure outlined in § 1446. 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

---

[1] The Commonwealth has filed a Motion to Amend its Notice of Removal [R. 9] to clarify that removal jurisdiction is not based on 28 U.S.C. § 1441(b), as was inadvertently included in the original notice of removal. The Commonwealth's motion shall be granted to address this clerical error.

action is pending.").

To determine whether a claim "arises under" federal law so as to provide jurisdiction under these statutory provisions, courts employ the "well-pleaded complaint" rule. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir. 2003)). Under this rule, "[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. at 322 (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)). "The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint. Accordingly, if the plaintiff chooses to bring a state law claim, that claim generally cannot be 'recharacterized' as a federal claim for the purpose of removal." *Id.* (citations omitted).

The portion of the well pleaded complaint that is at issue herein is the third cause of action for "Equal Pay." [R. 1-3 at 6]. In full, that claim states as follows:

> 24. For her third cause of action, Plaintiff adopts by reference all allegations claims for damages set out above as if incorporated verbatim.
> 25. KYEM and KDMA discriminated against Plaintiff and other similarly situated women on the basis of their sex by paying wages to them at a rate less than the rate at which pay wages to employees of the opposite sex for equal work on jobs that the performance of which require skill, effort and responsibility and which are performed under similar working conditions. This discrimination IS specifically prohibited by 29 USC § 206(d)(1) and KRS 337.423(1).
> 26. As a direct or proximate result of Defendants' discrimination, Plaintiff is entitled to recover actual damages and attorney's fees as well as injunctive relief including promotion within her employment.

[R. 1-3 at 6]. Ludwig argues that this lone citation to federal statute is not substantial enough to give rise to federal jurisdiction.

In support of this position, Ludwig cites several cases, including the Sixth Circuit's decision in *Long. v. Bando Manufacturing*, 201 F.3d 754 (6th Cir. 2000). In *Long*, the plaintiff brought claims under state and federal law. *Id*. at 757. After denying an initial motion to

4

remand, the district court granted summary judgment as to the federal claims and remanded the state claims to state court. *Id*. The defendant appealed, claiming that remand was inappropriate because the plaintiff had cited federal law in stating his claim for wrongful discharge under state law. *Id*. The Sixth Circuit recognized that "a complaint that does not state a federal cause of action may in some cases invoke federal jurisdiction." *Id*. However, as the plaintiff simply "put forth alternate state and federal policies to support his state-law wrongful discharge claim," his incidental citations to federal statute did not show that his state-law claim "necessarily depend[ed]" on a "substantial question of federal law." *Id*. at 759-761 (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809-810 (1988)).

*Eastman v. Marine Mech. Corp.*, another case cited by Ludwig, also featured a claim for state-law wrongful discharge in violation of public policy supported only by a citation to federal law. 438 F.3d 544, 546 (6th Cir. 2006). The Sixth Circuit noted that this did not present a substantial federal issue because, not only did the cited federal statute not have a private right of action, but also because "accepting such cases would be '[in]consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" *Id.* (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005)). In so finding, the court noted that, aside from specifically delineated statutes, "the bulk of the judicial business in the United States in this area [of employment litigation] is conducted by the state courts." *Id*. at 553. Therefore, the Court affirmed the district court's decision to remand a state-law claim for wrongful discharge in violation of public policy when the only cited public policy was in the form of a federal statute with no private right of action.

Finally, Ludwig supports her argument by citation to a decision from this district, *Appalachian Reg'l Healthcare, Inc. v. Kentucky Spirit Health Plan, Inc.*, CIV.A. 3:12-026-DCR,

5

2013 WL 191371 at *8 (E.D. Ky. Jan. 17, 2013).  In *ARH*, the plaintiff brought state law claims under Kentucky's Prompt Pay statute, state regulations regarding payment rates from out-of network healthcare providers, and Kentucky contract law.  *Id*.  The defendants removed the case on the strength of a citation to federal law in the background section of the complaint and the fact that the plaintiff could have asserted alternative theories of recovery under federal law.  *Id*. at *3.  The court found that the citation to federal law in the background section of the complaint, which was not implicated in the actual counts, was insufficient to give rise to a federal claim.  *Id*. at *8.  Instead, the complaint merely raised state claims that had some relationship to federal law, and "mere reference to a federal statute does not establish federal jurisdiction unless a substantial, disputed question of federal law is a necessary element of a state cause of action" *Id*.  (citing *Michigan So. R.R. Co. v. Branch & St. Joseph Cntys. Users Ass'n, Inc.,* 287 F.3d 568, 574 (6th Cir.2002)).

The trouble with Ludwig's argument, however, is that it overlooks the fact that federal court is accessible by more than one road.  There are "two distinct portals" under which actions may pass through the "'arising under' gateway into federal court." *Eastman*, 438 F.3d at 550.  The first of these paths is the "well-worn throughfare," which "admits litigants whose causes of action are created by federal law, that is, where federal law provides the right to relief." *Id*. (citing *American Well Works Co. v. Layne & Bowler Co.* 241 U.S. 257, 260 (1916) (Wherein Justice Holmes famously wrote that "[a] suit arises under the law that creates the cause of action.")).  This is the broad gate that that leads to federal court by which the "vast majority" of cases pass. *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808 (1986).  The second road is the "path less traveled," through which state-law claims may support federal jurisdiction if they implicate "significant federal issues." *Id*. (citing *Grable & Sons Metal Products, Inc. v.*

6

*Darue Eng'g & Mfg.,* 545 U.S. 308, 312, 257 (2005).

Each case primarily relied on by Ludwig deals with the second of these two portals. In both *Long* and *Eastman*, the federal statutes were cited in the context of a state-law claim for wrongful termination simply as evidence of a nation-wide policy. In *ARH*, the defendant sought removal on the basis of a fleeting citation to a federal statute in the background section of the complaint and the fact that alternative federal theories of recovery could have been asserted. It was clear in each of the cited cases that the first path to federal court – that the alleged cause of action was created by federal law – was not at issue. *See Long*, 201 F.3d at 759 ("Bando is obviously not arguing that Long's wrongful discharge claim is a federal claim; it is clear that wrongful discharge is a state-law cause of action."); *Christianson*, 486 U.S. at 809 (1988) ("The most superficial perusal of petitioners' complaint establishes, and no one disputes, that patent law did not in any sense create petitioners' antitrust or intentional-interference claims."). *Eastman*, 438 F.3d at 550 ("But it is the path less traveled that concerns us today. Recently, the Supreme Court reaffirmed its long-standing, albeit controversial, interpretation of 28 U.S.C. § 1331 that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues.") (internal quotation marks and citations omitted); *Appalachian Reg'l Healthcare, Inc.*, 2013 WL 191371 at *9 (E.D. Ky. Jan. 17, 2013) ("In summary, ARH's claims arise from alleged violations of (1) Kentucky's Prompt Pay statute, K.R.S. §§ 304.17A–700–730; (2) Kentucky's Medicaid payment rate statute, K.R.S. § 205.560(2); and (3) both express and implied contract provisions. These claims are creatures of state law."). Instead, the relevant question in those cases was, in the absence of a cause of action created by federal law, were the federal issues implicated in the state-law claim substantial enough support jurisdiction in federal court.

In this case, however, the Commonwealth quite reasonably challenges the notion that Ludwig's third cause of action must proceed along the road less traveled. In contrast to the complaint at issue in *Long* and *Eastman*, Ludwig's complaint does not allege that she was terminated in violation of a public policy evidenced by a federal statute or that federal law could be implicated only in one possible theory of recovery. Instead, in her third cause of action for "Equal Pay," Ludwig cites directly to the Equal Pay Act, 29 U.S.C. § 206(d)(1), which is a federal statute with a private right of action. *See Ambrose v. Summit Polymers, Inc.*, 172 F. App'x 103, 105 (6th Cir. 2006). Unlike *ARH*, this federal statute is not stated in the form of a fleeting reference found in the complaint's preamble, but is cited as prominently and in the same manner as the state law statutes under which Ludwig admits that she brings her other claims. Specifically, in her third cause of action Ludwig claims that the Commonwealth discriminates against women by paying them less than members of the opposite sex, which is "prohibited by 29 USC § 206(d)(1) and KRS § 337.423(1)." [R. 1-3 at 6].

It is true that this third cause of action does also cite to a state law, KRS §337.423(1). However, the co-existence a federal-law and state-law claim in this complaint does not preclude federal jurisdiction.[2] A South Carolina district court recently addressed this issue in *CCW Mgmt., LLC v. Global Holdings Grp., LLC*, 4:10-CV-3218-TLW-TER, 2011 WL 3678647 at *2 (D.S.C. July 21, 2011). The complaint contained several state-law claims, as well as a cause of action entitled, "Violations of Securities Law." *Id*. In this count, the plaintiff alleged that the actions of the defendant were "in violation of the securities laws of South Carolina and the

---

[2] This is distinct from the situation in *Christianson*, in which the plaintiff's antitrust count raised two claims, each of which could have been supported by multiple theories of recovery. 486 U.S. at 810. One of those theories of recovery implicated patent law, while the others did not. *Id*. As a result, the case was remanded. *Id*. at 813. In this case, Ludwig has presented, not two alternative theories of recovery under one state-law claim, but two claims under two different statutes. As discussed below, because one of these claims is created by a federal statute, federal jurisdiction is appropriate here while it was not in the *Christianson* line of cases.

United States." *Id*. Despite the plaintiff's argument in the motion to remand that this did not present a substantial federal question, the Court found federal jurisdiction to be appropriate because the complaint asserted a cause of action created by federal law. Specifically, the Court stated:

> Here, it is unnecessary to reach [the substantial federal question doctrine] because the claim that Defendants violated the securities laws of the United States arises under federal law. [footnote omitted]. Plaintiff asserts in its Reply that its claim for violations of securities laws should be read to allege only violations of state securities laws. However, nothing within the four corners of the Complaint leads to the conclusion that only state securities laws have been pleaded any more so than a conclusion that only federal securities laws have been pleaded. Rather, Plaintiff's Complaint asserts violations of both state and federal securities laws. Therefore, because federal law creates at least one cause of action, this court unquestionably has subject matter jurisdiction over this case.

*Id*.; *see also Parrish v. Univ. of Louisville*, 3:10-CV-136-S, 2010 WL 4536773 at *2 (W.D. Ky. Nov. 2, 2010) (wherein a court in the Western District of Kentucky rejected a construction of *Long* similar to the one espoused by Ludwig and recognized that, "the fact that a given action might have violated both state and federal law does not bar the exercise of federal jurisdiction.").

It is also notable that unlike state-law claims for wrongful discharge, the state-law equal pay statute does not require a showing of some public policy in order to support recovery. As such, Ludwig's indication that she cited the federal Equal Pay Statute as evidence of a federal public policy is unfounded. In fact, the state equal pay statute directly references the federal EPA and notes that KRS § 337.423 would not apply when 29 U.S.C. § 209 "imposes comparable or greater requirements" and when "the employer files with the commissioner of the Department of Workplace Standards a statement that the employer is covered" by the federal act. KRS §337.423. Further, though the wording is similar between the state and federal statutes, the previously cited language that Ludwig uses in stating this third cause of action in her complaint

9

more closely tracks the text of the federal Equal Pay Act.[3]

Admittedly, this analysis is complicated somewhat by the fact that the Complaint is no paragon of clarity. However, it appears that, in addition to a state-law claim under KRS §337.432(1), Ludwig's complaint also asserts a claim that was created by the federal Equal Pay Act, for which there is a private a right to relief. This conclusion is in accordance with Ludwig's own characterization of her complaint, which she describes as follows:

> On August 21, 2013, Ms. Ludwig filed a complaint against KDMA and KYEM in the Pulaski Circuit Court. Based upon the allegations repeated above, the complaint asserts three causes of action.
> In her first cause of action, Plaintiff seeks relief under KRS § 344.040(1)(b), which deems it an unlawful practice for an employer, including the Commonwealth, to adversely affect the status of an employee based upon her sex.
> In her second cause of action, Plaintiff seeks relief under KRS § 344.280 which precludes her employer from engaging in retaliation where she has opposed such unlawful practices.
> In her third cause of action, *Ms. Ludwig seeks relief under both a state statute, KRS § 337.423(1), and its federal counterpart, 29 USC § 206(d)(1),* which prohibit discrimination between the sexes in payment of wages for "comparable work on jobs which have comparable requirements relating to skill, effort and responsibility".

[R. 6 at 4] (emphasis added). Therefore, this claim properly proceeds into federal court along the first pathway which, as discussed, "admits litigants whose causes of action are created by federal law, that is, *where federal law provides the right to relief.*" *Eastman*, 438 F.3d at 550 (citing *American Well Works Co.,* 241 U.S. at 260). Ludwig's motion to remand shall, consequently, be denied.

---

[3] The relevant portion of the federal equal pay act states as follows:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions….

29 U.S.C. § 206.

Ludwig is not, of course, without recourse. If her complaint does not appropriately capture her intent, which is somewhat inconsistently stated in her motion to remand, she may still move to voluntarily dismiss the federal claim or move for leave to amend her complaint to clarify that her third cause of action asserts only a claim under state law. Were she to successfully eliminate the federal claim via these or perhaps other methods, "remand becomes discretionary for the district court under 28 U.S.C. § 1367(c)." *Eastman*, 438 F.3d at 551 (citing *Harper v. AutoAlliance Int'l., Inc.,* 392 F.3d 195, 210 (6th Cir.2004)).

Finally, the Court notes that prior to the filing of the motion to remand, the Commonwealth filed a partial motion to dismiss. [R. 2]. Ludwig moved the Court for an extension of time that would allow her to file a response to this motion twenty-one days after the Court ruled on the instant motion to remand. [R. 4]. The Commonwealth is an agreement that such an extension is appropriate. The Court shall, as a result, strike any docket entry indicating that the motion to dismiss has been submitted to chambers or is overdue and permit Ludwig the requested period to file any desired response to the pending motion to dismiss. The motion to dismiss shall be submitted to the Court at the conclusion of the new briefing schedule.

### III

Accordingly, and for the reasons articulated above, it is hereby **ORDERED** as follows:

(1) The Plaintiff's Motion to Remand [R. 5] is **DENIED**;

(2) The Defendants' Motion to Amend Notice of Removal [R. 9] and Motion for Leave to file a Surreply [R. 10] are **GRANTED**;

(3) The Plaintiff's Motion for Extension to Respond to Motion to Dismiss [R. 4] is **GRANTED**;

(4) The Plaintiff shall have twenty-one (21) days from the entry of this Order to file

any response to the Defendant's motion to dismiss, with reply time to be governed by LR 7.1(c); and,

      (5)      The Clerk of Court is directed to strike from the record any docket entry indicating that the order has been submitted to chambers or is overdue and should submit Docket Entry 2 at the end of the new briefing schedule.

This 28th Day of May, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge