UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DENISE LUDWIG, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KENTUCKY DEPARTMENT OF )<br>MILITARY AFFAIRS and KENTUCKY )<br>DIVISION OF EMERGENCY )<br>MANAGEMENT, )<br>)<br>    Defendants. )<br>) | Civil No. 13-174-GFVT<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Magistrate Judge Hanly A. Ingram's Recommended Disposition of October 21, 2015. [R. 33.] On September 25, 2015, John Kelley moved to withdraw as counsel of record for the Plaintiff, Denise Ludwig. Kelley explained that Plaintiff failed to attend a scheduled meeting, failed to respond to subsequent emails and telephone calls, and failed to respond to a letter warning of withdrawal if Plaintiff would not be more responsive. After a telephone conference with Kelley, Magistrate Judge Ingram granted Kelley's motion and ordered Plaintiff Ludwig to either obtain new counsel or to file a notice of intent to proceed *pro se* within twenty-one days. [R. 32.] Judge Ingram warned that a failure to comply with the order would be construed by the Court as a failure to prosecute. [*Id.*] Ms. Ludwig failed to respond to Judge Ingram's order. As a result, Judge Ingram issued a Recommended Disposition to this Court, recommending that her claims be dismissed with prejudice for failure to prosecute. [R. 33.] Neither party filed any objections to the Recommended Disposition.

Federal Rule of Civil Procedure 41(b) states in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). District courts may use this rule "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Courts consider four factors to determine whether Rule 41(b) should be applied to dismiss an action:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

First, it is apparent that Ms. Ludwig no longer intends to participate in this action. Her attorney and the Court have given her multiple warnings, and she has failed to even respond. Second, the Defendants are prejudiced by Ludwig's inaction because, as long as the action remains pending, they are subject to potential liability. Concerning the final two factors, Ludwig was informed that she had time to either find new counsel or to notify the Court of her intent to proceed *pro se*. [R. 32.] Ms. Ludwig had access to this notice through the Court's Electronic Filing System and also through the mails, as Judge Ingram directed the Court Clerk to serve a copy of both the order granting Kelley's motion to withdraw as counsel [R. 32] and the Recommended Disposition of dismissal with prejudice [R. 33] on the Plaintiff. Ludwig never responded.

Overall, Ms. Ludwig has had multiple opportunities to communicate with the Court and explain her absences, or otherwise express her intent to proceed with this case. She has not done

so. Accordingly, and the Court being otherwise sufficiently advised, Judge Ingram's Recommended Disposition [R. 33] is **ADOPTED** as and for the opinion of the Court. Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE** for failure to prosecute, and this case is **STRICKEN** from the active docket.

This 10th day of November, 2015.

Gregory F. Van Tatenhove
United States District Judge